Filed 1/21/22  P. v. Barba CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B311761 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA031366) |
| v. | |
| WILLIAM BARBA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, David W. Stuart, Judge.  Affirmed.

John Steinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

In 2000, petitioner William Barba was convicted of two counts of first degree murder and three counts of attempted willful, deliberate, and premediated murder. He challenges the summary denial of his Penal Code section 1170.95 (section 1170.95) petition for resentencing. Barba is ineligible for resentencing under section 1170.95 because he was not tried on a felony murder theory or under the natural and probable consequences doctrine. The jury was not instructed on any other "theory under which malice is imputed to a person based solely on that person's participation in a crime. . . ." (§ 1170.95, subd. (a).) The trial court properly denied his resentencing petition. We affirm.

## BACKGROUND

On October 25, 1998, Barba, a member of the Knock Knock Boys street gang and his confederate Oscar Macias shot at five rival gang members and killed two of them. (*People v. Barba* (May 8, 2001, B140807) [nonpub. opn.] (*Barba I*).) Barba was driving when Macias, Barba's passenger, shot seven or eight times into the Honda carrying the rival gang members. (*Ibid.*)

At Barba's and Macias's joint trial, the trial court instructed the jury on aiding and abetting liability. The instruction required that the aider and abettor act "with knowledge of the unlawful purpose of the perpetrator" and "with the intent or purpose of committing or encouraging or facilitating the commission of the crime." The murder special circumstance instruction provided in pertinent part: "If you find that a defendant was not the actual killer of a human being, you cannot find the special circumstance of Shooting from a Motor Vehicle with the Intent to Inflict Death to be true as to that defendant unless you are satisfied beyond a reasonable doubt that such

2

defendant with the intent to kill aided, abetted, counseled, commanded, induced, solicited, requested, or assisted any actor in the commission of the murder in the first degree." The trial court did not instruct the jury either on the natural and probable consequences doctrine, the felony murder theory, or any other theory of vicarious liability.

In addition to the two first degree murder convictions and three premeditated attempted murder convictions, jurors also found true with respect to each offense that a principal was armed with a firearm, Barba committed multiple murders, and the murders were the result of a drive-by shooting. The trial court sentenced Barba to two consecutive terms of life without the possibility of parole plus three consecutive life terms and a five-year determinate term. On direct appeal, this court affirmed the judgment.

On February 15, 2019, Barba filed a petition for resentencing seeking resentencing on his two convictions for murder. Barba alleged that he was convicted of first or second degree murder pursuant to the felony murder rule, natural and probable consequences doctrine, or other theory of vicarious liability.

The People filed an opposition on March 19, 2019 and a supplemental opposition on December 20, 2019. Private counsel represented Barba in court on April 19, 2019, June 21, 2019, August 28, 2019, October 29, 2019, January 10, 2020, and July 21, 2020. In each instance, the trial court continued the case. Barba's counsel did not file a reply to the People's opposition or supplemental opposition.

At a hearing on October 30, 2020, Barba's counsel acknowledged that the jury was not instructed either on the

natural and probable consequences doctrine or a felony murder theory. Counsel requested to file "some paperwork on behalf of my client." The court asked what issues counsel would raise, and counsel responded: "I'm going to be arguing there's some other different issues that was assumed and probable circumstances based on jury instructions and the facts of the case as well."

Counsel asked a second time to file "paperwork," and the trial court again asked what counsel intended to argue. Counsel responded: "But that's additional facts even though the jury didn't have what you call the natural probable consequences, instructions. I just didn't know to the contrary based on facts and the arguments of counsel." The court responded: "Like what? Just give me an idea." Counsel explained: "I can't tell you. I don't have my notes in front of me." The court stated that Barba was ineligible for resentencing and counsel responded, "That is true, but I still need to file some paperwork to speak out." Counsel again requested to file "legal papers" but never articulated any argument relevant to Barba's eligibility for resentencing.

The trial court summarily denied Barba's resentencing petition, finding him ineligible for resentencing as a matter of law.

## DISCUSSION

### 1. *Barba is Not Eligible for Resentencing*

To be convicted of murder, a jury must ordinarily find that the defendant acted with the requisite mental state, known as " 'malice aforethought.' " (*People v. Chun* (2009) 45 Cal.4th 1172, 1181, quoting § 187, subd. (a).) Until recently, the felony murder rule provided an exception that made "a killing while committing

4

certain felonies murder without the necessity of further examining the defendant's mental state." (*Chun*, at p. 1182.) Also, until recently, the natural and probable consequences doctrine permitted a " ' "person who knowingly aids and abets [the] criminal conduct [of another person] is guilty of not only the intended crime . . . but also of any other crime the [other person] actually commits . . . that is a natural and probable consequence of the intended crime." ' [Citation.]" (*People v. Chiu* (2014) 59 Cal.4th 155, 161; see also *People v. Gentile* (2020) 10 Cal.5th 830, 845–846.)

Senate Bill No. 1437 (2017–2018 Reg. Sess.), which became effective January 1, 2019, raised the level of culpability required for murder liability to be imposed under a felony murder or natural and probable consequences theory. (See Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended section 189, which defines the degrees of murder, to limit murder liability based on felony murder or a natural and probable consequences theory for a person who: (1) was the actual killer; (2) though not the actual killer, acted "with the intent to kill" and "aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer" in the commission of first degree murder; or (3) was "a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e).)

Senate Bill No. 1437 also amended the definition of malice in section 188 to provide that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) In addition to amending sections 188 and 189, the Legislature enacted section 1170.95. (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019.) That provision authorizes a

person convicted of felony murder or murder under a natural and probable consequences theory to file with the sentencing court a petition to vacate the conviction and be resentenced. (§ 1170.95, subd. (a).)

Under the amended version of section 1170.95, subdivision (a)(2), which became effective January 1, 2022, a defendant convicted of attempted murder may be eligible for resentencing relief.[1] The amended statute permits persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter" to file a petition for resentencing. (§ 1170.95, subd. (a).)

We may consider the record of conviction in assessing whether Barba is eligible for resentencing. (*People v. Lewis* (2021) 11 Cal.5th 952, 971–972 (*Lewis*).) Barba is ineligible for resentencing as a matter of law on his murder and attempted murder convictions. Barba was not convicted of murder or attempted murder based on a felony murder theory or on the natural and probable consequences doctrine. Nor was he convicted based on any other "theory under which malice is

_____

[1] We reject respondent's argument that Barba forfeited any claim with respect to his three convictions for attempted murder because the law had not been amended at the time Barba filed his petition. (Cf. *People v. Welch* (1993) 5 Cal.4th 228, 237–238 ["Reviewing courts have traditionally excused parties for failing to raise an issue at trial where an objection would have been futile or wholly unsupported by substantive law then in existence"].) Barba, who filed an in pro per petition, could not anticipate the recent change in the law.

imputed to a person based solely on that person's participation in a crime . . . ." (§ 1170.95, subd. (a).) Barba was convicted as an aider and abettor who with knowledge of the perpetrator's intent and with the intent to assist in the commission of the crime. Barba could presently be convicted of murder or attempted murder notwithstanding changes to sections 188 and 189. (§ 1170.95, subd. (a)(3).) He therefore cannot establish a prima facie case for resentencing.

**2.** ***Barba's Argument that the Trial Court Should Have Permitted His Counsel to File a Brief Lacks Merit***

Barba argues that the trial court erred in "denying appellant's petition for resentencing without allowing . . . counsel the opportunity to file briefing. . . ." (Boldface & capitalization omitted.) Barba cites *Lewis*, *supra*, in which our Supreme Court held that a petitioner is entitled to appointed counsel upon the filing of a facially sufficient petition. (11 Cal.5th at p. 957.) The high court further held that the deprivation of the right to counsel constitutes state law error and should be evaluated for prejudice under the standard articulated in *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis*, at pp. 957–958.) The petitioner must " 'demonstrate there is a reasonable probability that in the absence of the error he . . . would have obtained a more favorable result.' [Citations.]" (*Id.* at p. 974.) The high court further explained that section 1170.95's purpose was "to ensure that murder culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process." (*Lewis*, at p. 971.)

Barba's reliance on *Lewis* is misplaced. First, *Lewis* does not support the proposition that a petitioner seeking

7

resentencing is entitled to file "paperwork" unrelated to eligibility for resentencing. Barba's trial counsel articulated no argument relevant to Barba's eligibility for resentencing. Second, the record does not support the conclusion that Barba's counsel was denied the opportunity to file a brief. Counsel offered no rationale for failing to file a reply brief in the 10 months between the People's supplemental brief and the hearing on the petition. Third, assuming the trial court erred in rejecting Barba's counsel's request to file "paperwork," Barba demonstrates no prejudice. After the opportunity to brief the issue of his eligibility for resentencing under section 1170.95 on appeal, Barba offers *no* theory under which he could be eligible for resentencing. Barba's petition is among the "clearly meritless" ones *Lewis* describes.

## DISPOSITION

The order denying William Barba's Penal Code section 1170.95 petition is affirmed.

<u>NOT TO BE PUBLISHED.</u>

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.

8